UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SUSAN BEAULIEU,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, SUSAN BEAULIEU (hereinafter "BEAULIEU"), is a citizen of Connecticut.

2. Defendant, NCL (BAHAMAS) LTD. (hereinafter "NCL"), is a foreign entity with its principal place of business in Miami, Florida.

3. This matter falls under the admiralty and maritime jurisdiction of this Court.

   a. The Plaintiff demands a jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because NCL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this Federal District and Division,* as opposed to any other place in the world.

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. Defendant NCL, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff BEAULIEU in particular, for compensation, vacation cruises aboard the vessel, *Norwegian Breakaway*.

6. Defendant is subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Norwegian Breakaway*.

9. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Norwegian Breakaway*.

10. On or about September 24, 2016, the Plaintiff was a paying passenger aboard the *Norwegian Breakaway* vessel, which was in navigable waters.

11. On or about September 24, 2016, the Plaintiff was severely injured when she slipped and fell on a wet, slippery and/or hazardous flooring surface utilized as a walkway.

## COUNT I – GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

13. On or about September 24, 2016, Defendant and/or its agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to maintain the subject area in a clean and dry condition; and/or

   b. Failure to adequately and regularly inspect the subject area for wet and slippery conditions; and/or

   c. Failure to adequately and regularly monitor the subject area to maintain it free of wet and slippery conditions; and/or

   d. Failure to regularly and adequately clean the subject area; and/or

   e. Failing to monitor a walkway area so as to maintain it in a clean and dry condition; and/or

   f. Failing to utilize an adequate flooring surface in light of it being reasonably anticipated that it will become wet; and/or

   g. Failure to close off and/or place warning signs on or around the wet and slippery areas of the subject flooring surface; and/or

   h. Failure to instruct passengers and the Plaintiff concerning footwear; and/or

   i. Failure to prevent liquids from entering the area used as a walkway; and/or

   j. Failure to correct hazardous conditions following other slip and fall accidents on the same area, same deck and/or same flooring surface; and/or

   k. Failure to utilize reasonably safe flooring surface in light of the anticipated purpose of the deck; and/or

   l. Failure to have a non-slip or non-skid flooring surface on or around the subject area;

and/or

m. Failure to place rubber mats or other non-slip coverings or substance on or around the subject area; and/or

n. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and the Plaintiff; and/or

o. Failure to warn of the dangers of walking on the surface; and/or

p. Failure to warn that the walkway surface becomes unreasonably hazardous when wet; and/or

q. Failure to ascertain whether floor area meets applicable standards, such as ASTM F1166; and/or

r. Failure to promulgate and/or enforce adequate policies and procedures regarding: (1) maintaining walkway surfaces in a clean and dry condition; and/or (2) monitoring walkway surfaces to ensure that they remain in a clean and dry condition; and/or (3) preventing liquids from entering walkway floor surface.

s. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels, fleet wide, so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to the Plaintiff becoming injured when she fell on the subject stairs.

14. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

15. At all times material, Defendant NCL violated the International Safety Management Code's goals and intent and failed to have properly, adequately and safely implement the International Safety Management Code and by extension its own SQM Manual.

16. At all times material, Defendant NCL failed to have an adequate Safety Management System Manual aboard the *Norwegian Breakaway,* and/or failed to properly implement the Safety Management System Manual aboard the *Norwegian Breakaway*.

17. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of

time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

18. As a direct and proximate result of the negligence of NCL, the Plaintiff BEAULIEU was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries, including psychiatric and life care. The Plaintiff also lost earning capacity as well as losing the benefit of Plaintiff's entire vacation, cruise and transportation costs. Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

**WHEREFORE**, the Plaintiff BEAULIEU, demands judgment against Defendant NCL for damages, as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and demands trial by jury of all issues so triable under the provisions of Fed. R. Civ. P.39 and the stipulations contained in *Leslie v. NCL Corp.*, 22 So.2d 561 (Fla. 3d DCA 2008), as well as any further relief as this Court deems just and appropriate.

*Respectfully submitted*,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Michael A. Winkleman*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**MARC E. WEINER**
Florida Bar No. 91699
mweiner@lipcon.com